**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY  DIVISION**

| | | |
|---|---|---|
| MARK DIFRANCO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 1: 03-CV-158-1 (WLS) |
| | : | |
| PROTECTIVE INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

Presently pending is Defendant's Motion for Leave to Amend Pre-Trial Order. (Doc. No. 34). For the reasons stated below, Defendant's Motion (Doc. No. 34) is **GRANTED.**

**I.   DISCUSSION**

    **A.   Legal Standard**

Rule 16(e) of the Federal Rules of Civil Procedure states, in pertinent part:

> "After any conference held pursuant to this rule, an order shall be entered reciting the action taken. This order shall control the subsequent course of the action unless modified by a subsequent order. The order following a final pretrial conference shall be modified only to prevent manifest injustice."

A pre-trial order cannot be amended without the permission of the court and a showing of manifest injustice. United States v. Varner, 13 F.3d 1503, 1507 (11th Cir. 1994).  The decision of whether or not to permit a change in a pre-trial order is within the discretion of the trial judge. *Id.* In the interests of justice and sound judicial administration, an amendment of a pre-trial order should be permitted where no substantial injury or prejudice will be suffered by the opposing party, the refusal to allow the

1

amendment might result in manifest injustice to the movant, and the inconvenience to the court is slight. *Id.* at 1507-08. An essential element which the movant must show is that the failure to allow the amendment of the pre-trial order might prejudice the movant. *Id.* at 1508. The Court abuses its discretion if a failure to amend a pre-trial order would be manifestly unjust. *Id.* An abuse of discretion occurs when the Court "'misconstrues its proper role, ignores or misunderstands relevant evidence, and bases its decisions upon considerations having little factual support.'" *Id.* (*citing* Arlook v. S. Lichtenberg & Co., 952 F.2d 367, 374 (11th Cir. 1992)).

### B.     Legal Analysis

In the parties' Proposed Consolidated Pre-trial Order, Protective identified as a may call witness Rodger Cottrell, Vice President of Claims of Protective Insurance Company. ("Cottrell"). (Doc. No. 14, ¶19(d)).  Cottrell purportedly has personal knowledge regarding Plaintiff's policy.  However, Cottrell has a scheduling conflict which will make him unavailable to testify at the trial set for Monday, April 18, 2005. As a consequence, Protective seeks to amend the pre-trial order to add as a may call witness, Mr. Jim Aulby, an Insurance Company representative, Protective Insurance Company, 1099 North Meridian Street, Indianapolis, IN 46204, with alleged personal knowledge of Plaintiff's policy and Plaintiff's claim against Protective. Protective states that Plaintiff does not oppose the present motion to amend the pre-trial order. (Doc. No. 35, p.2).  Therefore, to prevent manifest injustice and without objection by Plaintiff, Defendant's Motion for Leave to Amend Pre-Trial Order (Doc. No. 34) is **GRANTED.** Paragraph 19(d) of the parties' Proposed Consolidated Pre-trial Order (Doc. No. 14) shall now have as an additional may call witness:

> **Jim Aulby (Insurance Company Representative)**
> **Protective Insurance Company**
> **1099 North Meridian Street**
> **Indianapolis, TN 46204**

**II.    CONCLUSION**

Therefore, Defendant's Motion for Leave to Amend Pre-Trial Order (Doc. No. 34) should be, and hereby is, **GRANTED.**

Paragraph 19(d) of the parties' Proposed Consolidated Pre-trial Order (Doc. No. 14) shall now have as an additional may call witness:

>   **Jim Aulby (Insurance Company Representative)**
>   **Protective Insurance Company**
>   **1099 North Meridian Street**
>   **Indianapolis, TN 46204**

**SO ORDERED**, this 28th day of April, 2005, *nunc pro tunc* April 18, 2005.

  /s/ W. Louis Sands
  **W. LOUIS SANDS, CHIEF JUDGE**
  **UNITED STATES DISTRICT COURT**

3